JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

September 4, 2015

Gino J. Agnello, Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Room 2722
219 S. Dearborn St.
Chicago, IL 60604

Re: *EEOC v. CVS Pharmacy, Inc.* (No. 14-3653)

Dear Mr. Agnello:

The district court's decision in *EEOC v. Doherty Enterprises, Inc.*, 2015 WL 5118067 (S.D. Fla. Sept. 1, 2015), does not support the Commission's claim here, and to the extent it does, is poorly reasoned and should not be followed.

First, *Doherty* did not find intentional "resistance" to Title VII rights or define the scope of § 707(a) claims. Use of CVS's severance agreement could not support such a claim. CVS.Br.13-23, 37-38. While the employment contract in *Doherty* required *all* disputes to be arbitrated, with no carve-out for discrimination proceedings (2015 WL 5118067, at *1), CVS's severance agreement expressly authorized participation in discrimination proceedings before the Commission and thus could not reasonably be construed to forbid charge-filing. CVS.Br.15-19.

Second, while *Doherty* concluded that § 707(a) "resistance" claims do not require allegations of discrimination or retaliation (2015 WL 5118067, at *5-6), it did not address the extensive legislative history, caselaw, or agency statements confirming precisely the opposite. CVS.Br.26-31. Nor did it explain what a pattern of "resistance" to "the rights secured by" Title VII *means*, if not repeated discrimination or retaliation. Rather, the court relied exclusively on *United States v. Original Knights of Ku Klux Klan*, 250 F. Supp. 330 (E.D. La. 1965), which it claimed "did not involve discrimination." 2015 WL 5118067, at *6. But that case *did* involve discrimination; it simply held that the KKK, while not an employer, could be held liable for "intimidat[ing] employers" into discriminating, 250 F. Supp. at 56. CVS.Br.33-34.

Third, while *Doherty* held that the Commission must conciliate only when it acts "on a charge of discrimination," 2015 WL 5118067, at *4, this case *did* originate with a charge. CVS.Br.46. Anyway, *Doherty*'s construction misreads § 707, creates a nonsensical scheme, and is refuted by statutory history. CVS.Br.46-48. It also ignores EEOC regulations, which demand conciliation in *all* cases. CVS.Br.43-44, 49-50. *Doherty* relied exclusively on *United States v. Allegheny-Ludlum*, but that case—in a passage *Doherty* overlooked—expressly acknowledged that the Commission "may" have to conciliate in § 707 suits. 517 F.2d 826, 869 (5th Cir. 1975). Many other courts have so held. CVS.Br.42.

Sincerely,

/s/ Eric S. Dreiband

Eric S. Dreiband
Yaakov M. Roth
Nikki L. McArthur
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939

*Counsel for Appellee*
*CVS Pharmacy, Inc.*

cc: All Counsel of Record (whom the above-signing attorney certifies was served with this letter on September 4, 2015, via ECF)